against the United States. Mr. Totz. Good morning, Your Honor. It's Bill Tice for Mr. Smith. May it please the Court. The crucial issue in this case is that Illinois residential burglary is categorically broader than the generic burglary that's talked about in the Taylor line of cases from the U.S. Supreme Court. Under the Illinois statute, residential burglary occurs when you burgle the living quarters of somebody or the dwelling place, and that in turn is defined as living quarters, and it gives some examples of mobile homes and trailers. So right away, there's a problem. The main thrust of the government's argument is that residence for Illinois burglary is really the same as the building that's talked about in Taylor, but that's not what the statute says. The government cherry-picks some language from various Illinois cases that talk about buildings when there was really no issue as to the place that was burglarized, but the key Illinois Supreme Court's bails specifically uses the language of buildings, structures, or enclosures, and that illustrates the very wide net. Counsel, I take it we've got two terms in the residential burglary statute that you think are problematic. One is mobile homes, and the other is trailers. So why don't we just address whether each of them comes within the generic burglary definition? Well, neither one of them is a building or structure, is used in Taylor. Okay, let's start with a mobile home. Why is that not a building? If I understand correctly what a mobile home is, it's a bit of prefabricated housing, which is mobile only when it's being moved to a site where it's hooked up to utilities and acts just like any other unit of housing. Am I misunderstanding what a mobile home is? I think you are, and I don't speak from any personal experience, but mobile homes also include pretty much the same objects that stay in a place for years and years and years, but also objects that can be moved around and are moved around. Well, a mobile home can be. You can take it off its foundation and move it. Of course, you can also move a traditional home. It just takes more work. What I'm trying to figure out is why that makes a difference for the purpose of Taylor. Why, how easy it is to move a home is dispositive, or should be dispositive. Well, Taylor really doesn't speak to that, so I don't think we're going to get any enlightenment from Taylor. They didn't talk about mobile homes in Taylor. All right, so what do we do about trailer? I can imagine two meanings of the word trailer. One is that it's just a somewhat smaller mobile home, and again, it's covered by the residential burglary statute. When it's put in place, is on a site and hooked up to utilities and is acting just as a house. The other is that it's something you trail around behind your car and go visit a national park in. It certainly includes that. Has the Illinois judiciary addressed which of those meanings the term has? They have not. They've really just focused on the general definition of dwelling place. In most of the cases, it's about people. Why then, if the state court hasn't said that a trailer is anything you hitch behind a car, why should we assume that that's what its meaning is rather than treat its meaning as consistent with the doctrine of nascitor associis, you know a word by the company it keeps, that it means something like just a little smaller mobile home, and it's, again, a thing that is fixed to a site, hooked up to utilities, and being used to live in full time. Well, here we come back to the categorical test. If we say a trailer is something that can stay in one place for a pretty long time, or it's something that can be pulled around to national parks, we've got the problem that you have to look at what is the outermost limits of the definition. And the statute talks about trailers. And those are really examples of a more general test that the statute sets out. I would say that any place where a person has living quarters in which they're actually residing, or they intend to return to after a limited period of time, counts under the Illinois residential burglary statute. And there are certainly people who live in- Are there state cases that support that understanding? That's the question. There are no such cases that I have found, but I would urge you to consider that when you're looking at the statute, you certainly are entitled and indeed required to look at the ordinary meaning of the words in the statute. It doesn't take any great stretch of imagination to say that a trailer is something that can be pulled around. I've read, I don't know how true it is, that during the summers Justice Clarence Thomas and his wife get in an RV and drive all around the country. And I would say that if they come into Illinois, their RV is- RV is not in the statute. It's not a trailer. And it's not a home. It's certainly a mobile home. So it's just not covered by the burglary statute, unless I'm completely misunderstanding the actual words of that statute. I think the words include that, and the only- How? Which words include a mobile home? The words that talk about- I mean, which words include a Winnebago, roughly? Okay. A Winnebago is included in mobile home, and it's also included in other living quarters in which, at the time of the alleged offense, the owners or occupants actually dwell. It's a wide definition, but it's the one that comes from an authoritative- Any state cases involve prosecutions for breaking into that type of thing? In Illinois? Yeah, in Illinois. No, but it's not like this is some esoteric thing that couldn't happen. Now, I would also point out that this definition about living quarters includes vessels. It includes boats. That's where people can live, and that's not any sort of bizarre, crazy, law school hypothetical. Those are all included in the Illinois statute. The other thing I would point out is that, at one point, the government presented a harmless error argument based on Mr. Smith's misdemeanor convictions, and the government has now retreated from that. So that's not really in the case. The issue is the one that we've been discussing. Unless there are any further questions, I'll save the rest of my time. Thank you. Certainly, Counsel. Ms. Kastner. Good morning. May it please the Court, Andrea Ann Kastanek on behalf of the United States. The generic definition of burglary per Taylor requires the unlawful entry into a building or a structure. The Supreme Court in Shepard used those terms as synonymous with the phrase enclosed space. That is consistent with how the Illinois courts- Well, a chicken coop is an enclosed space, but I take it as given that a chicken coop is outside the definition of generic burglary. Yes, Your Honor. That's correct. So it can't be that it includes that just an enclosed space is enough. We already know that it isn't. That's correct, Your Honor. In Taylor, Shepard, Mathis, the term building or structure or enclosed space is used in juxtaposition to something that is a vehicle or a boat used for transportation purposes. The enclosed space is something that's used for- You heard from my questions to Mr. Tice that I'm very interested in what Illinois itself has said this statute covers. Do you know whether Illinois covers the thing you might go to a national park in or a motor home that's rolling around the highways to see the sites? The government did do case law research within Illinois to try to find any case involving mobile homes, trailers, RVs. We did not find any cases like that that were prosecuted under 19-3. The cases that are more like vehicles, which typically appears to be a vehicle that's parked in a garage or in a driveway of a house, the Illinois courts distinguish between 19-1, which is the normal burglary statute, which addresses and specifically enumerates vehicles, and 19-3, which the courts have said specifically exclude vehicles, which is consistent with the generic definition under Shepard and Taylor and the like. Does the Illinois Vehicle Code shed any light on this? The Illinois Vehicle Code has been interpreted- 19-1's definition of vehicle has been interpreted as consistent with the Vehicle Code. I think that that includes items or movable conveyances that are used for transportation purposes. So the government's position would be that is an RV. That is places that, even if people reside in them, are primarily designed for transportation rather than as a fixed living space like a mobile home or the type of trailer that Judge Easterbrook was referring to in his questions to Mr. Tice. But the code itself does not shed light on that? It's more implicit than explicit? I don't know off the top of my head, Your Honor. I'd be happy to take a look and submit it to the court. 19-1, the base burglary offense, refers to braking and entering of a motor vehicle as defined in the Illinois Vehicle Code. And I think that the Vehicle Code, in turn, if I'm remembering correctly, defines it as something along the lines of a movable conveyance used for transportation, something like that. And so I think that that naturally would include a normal car, a RV, et cetera, and not the four walls and a roof of a mobile home that's used for habitation, which clearly falls within 19-3. Also listed in 19-1 is house trailer. Yes, Your Honor. And I think that, as Judge Easterbrook noted, it is natural to read these terms in conjunction with each other. The Illinois definition, 6-2B, which defines the dwelling place of another, requires it be used for residence or intended for residence within a reasonable period of time, which I think makes that house trailer more like the place that is set for a fixed residence rather than something that's pulled behind a car for recreational purposes. I think that that's consistent with the structure of the statutes, the distinguishing between the vehicle in 19-1 and the non-vehicles in 19-3. It's also consistent with this Court's footnote in Haney, which comes post-Mathis, and indicates that the Court views the definitions of the dwelling place of another as consistent with the definition of generic burglary in Taylor. That's probably not a holding. It is not, Your Honor. You're correct. But it does indicate that the Court viewed there to be a distinction for Mathis purposes, and in terms of looking at what's required by Taylor, that there is a difference between the burglary and the residential burglary statutes, which is consistent with the government's position in this case. If there are no further questions, the government asks that this Court affirm the lower court's judgment. Thank you. Thank you. Anything further, Mr. Tice? Yes. There's been some discussion of 19-1, which includes automobiles and house trailers, but I don't think we should take from that that one cannot commit residential burglary in those areas. If someone is living in that space, that enclosure, even an automobile, unfortunately nowadays some people live in automobiles, that would meet the definition for residential burglary. Thank you. Thank you very much. The case is taken under advisement.